# Dengler *v.* Exchange Building Association, Appellant.

*Vendor and vendee — Suit for purchase-money — Defenses — Counterclaim.*

In an action to recover the purchase-money of real estate sold under an agreement containing no warranty as to the particular condition of the premises, where the plaintiff's statement avers the tender of a proper deed at a title company's office where settlement was to be made, an answer is insufficient to prevent judgment which merely avers that the deed tendered was not dated and contained no United States war tax stamps, that "the plaintiff had failed to perform all and every duty required of him" by the agreement, and that defendant was entitled to set off damages caused by frozen water pipes.

Argued Oct. 12, 1916. Appeal, No. 33, Oct. T., 1915, by defendant, from order of Municipal Court Philadelphia Co., Jan. T., 1915, No. 51, making absolute rule for judgment for want of sufficient answer in case of R. Le Roy Dengler v. Exchange Building Association of Fairhill. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for the purchase-money of real estate.

Plaintiff in his statement averred as follows:

That plaintiff, through his attorney, Charles G. Gartling, on December 18, 1914, tendered defendant a proper deed of conveyance of the above mentioned properties to the defendant at the settlement office of the Commonwealth Title Insurance and Trust Company at 12th and Chestnut streets, Philadelphia, and performed all and every duty required of him by said agreement above mentioned, but said defendant refused to pay the sum of $400.00 as it was his duty to do, under the said agreement and has failed at that time and since, although requested to do so, to make settlement according to the terms and conditions of the agreement.

68 DENGLER v. EXCHANGE BLDG. ASSN., Appellant.

Statement of Facts—Opinion of the Court.  [62 Pa. Superior Ct.

The defendants filed an answer and counterclaim in which they made the following averments:

Defendants deny that said plaintiff tendered a proper deed of conveyance for premises in question, and aver that said deed when so tendered was not in proper form in that it was not dated and contained no United States war tax stamps as required by law.

Defendants deny that said plaintiff performed all and every duty required of him by said agreement.

Defendants aver that plaintiff's attorney, although requested by counsel for defendants, prior to date of settlement, failed and refused to remove all the objections on the settlement certificate issued by the Commonwealth Title Insurance and Trust Co., and therefore plaintiff utterly failed to carry out his part of the agreement to give defendant a good and marketable title to all of said premises. Defendants aver that between the date of signing of said agreement of sale and the time fixed for settlement, said plaintiff, although so requested, neglected to drain off the water in 104 and 108 E. Moreland avenue, whereby the water in the pipes throughout said houses became frozen, causing the toilet and tank of 104 E. Moreland avenue to burst and overflow, and damage said premises, and to cause the top of the hot water boiler in 108 E. Moreland avenue to split open and burst, for all of which defendants requested an allowance for repairs at said settlement, but plaintiff by his attorney, Charles G. Gartling, Esq., refused same.

*Morton Z. Paul*, with him *Wm. F. Ellwanger*, for appellant, cited: Lefferts v. Dolton, 217 Pa. 299.

*Charles G. Gartling*, for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff sued on a contract in writing for the purchase-money on a sale of real estate. The amount due by the terms of the contract was $400.00. The

answer sets up a failure of performance of his agreement by the plaintiff and the neglect to date and attach United States tax stamps to the deed at the time it was tendered. There was also a counterclaim presented for damages arising out of the neglect of the plaintiff to drain off the water in the pipes in two of the houses covered by the contract in consequence of which the pipes were broken by freezing, with a resulting damage to the premises. The denial in the answer that the plaintiff performed his obligations under the contract is not sufficient in any view of the case. The defendant's obligation was express and clear and the answer must also be of the same character to be made available. There is no suggestion in the third paragraph as to the respects wherein the plaintiff failed to do that which he had bound himself to do and it is wholly insufficient to meet the requirements of an answer to the plaintiff's claim. It is not stated that the omission to insert the date of the deed and to affix the stamps was the reason for refusing to accept the conveyance. On the contrary, it is clear from the counterclaim that the demand for damages from the plaintiff rising out of the frozen water pipes and the refusal of the plaintiff to make allowance for damages on that account was the defendant's real objection to going on with the transaction. A proper time to insert the date of the deed and affix the stamps was when the defendant was ready to accept the title and this would be done by the Title Insurance Company at the closing of the business.

There is no provision of the contract which bound the vendor to make good the damage which may have resulted from the water leaking from the pipes. By the agreement dated Dec. 8, 1914, he bound himself to convey the premises to the defendant at the date of settlement which was to be made within ten days from the date of the contract and the rent falling due after Dec. 8th, was to be paid to the defendant. There is no covenant of guaranty nor warranty that there shall be any par-

ticular condition of the premises. If, therefore, a claim of this sort sounding in tort could be set off against the plaintiff's claim in an action of assumpsit there is a failure to present a case which subjects the plaintiff to any liability for the injury stated.

It was agreed that the title to be conveyed was to be such as the Commonwealth Title and Trust Company. would insure but there is no averment in the answer that the plaintiff's title was not insurable and the reference to this subject in the counterclaim is of no avail to the defendant by way of set-off. We do not find anything in the case to support the defendant's position.

The judgment is affirmed.